# KARPF, KARPF & CERUTTI, P.C.

ATTORNEYS AT LAW

3331 Street Road
Two Greenwood Square
Suite 128
Bensalem, PA 19020
Tel: (215) 639-0801
Fax: (215) 639-4970
akarpf@karpf-law.com

November 18, 2020

**FILED VIA ECF ONLY**

The Hon. Ann Marie Donio, U.S.M.J.
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets, Room 1050
Camden, NJ 08108

      Re:    *Joseph McDevitt v. Borough of Clementon, et. al.*
              **Civil Docket No.: 18-cv-17092**

Dear Judge Donio:

      As Your Honor knows, this firm represents Joseph McDevitt ("Plaintiff") in the above-referenced matter. There are numerous defendants, Plaintiff alleges a hostile work environment spanning nearly 6 years, and this case involves allegations of substantial corruption. Following several attempted mediations (informal and formal), the Parties agreed (as of late October 2020) proceeding with the case was necessary. On October 29, 2020, Your Honor entered a scheduling order requiring the parties to complete depositions by January 31, 2020. Pursuant to local rules and this Court's preference(s), I am now writing a letter to seek court intervention and/or permission to file a Motion to Compel *the deposition of Chief Grover*.

      Since October 26, 2020, our firm has <u>repeatedly</u> been requesting dates for the deposition of Chief Grover (the primary adverse witness in this case). It has been known for a long time that his deposition would proceed <u>before</u> other depositions because how he testifies will determine the scope of the case as to other depositions. His deposition is not intended to hold up Plaintiff's testimony, as Plaintiff's deposition is already scheduled (and will proceed regardless of Chief Grover's deposition date). Rather, his deposition is required before those of council and the Mayor in particular.

      Chief Grover has been represented by 2 private attorneys, Jacqueline Vigilante and James Birchmeier (in addition to previously being represented by Michael Madden). As of today, Chief Grover's *current (and entered) counsel* is Mr. Birchmeier who entered his appearance on March 19, 2019. Mr. Birchmeier has for nearly a month failed to obtain dates from Chief Grover for a deposition. Most recently, Mr. Birchmeier contends that due to exposure of a substantial punitive verdict, Chief Grover should obtain *additional private counsel* and is exploring this possibility. It has been known via lawsuit, discovery requests, settlement correspondence, and other communications that Plaintiff has been seeking many types of damages – <u>including</u> punitive

**KARPF, KARPF & CERUTTI, P.C.**

ATTORNEYS AT LAW

damages – **for nearly 2 years now**. And Mr. Birchmeier has represented Chief Grover with the same damages being sought for the last approximate 8 months.

Nothing in this letter is intended to reflect negatively upon Mr. Birchmeier who has in my opinion been a consummate professional throughout this case. I am concerned however, given Chief Grover's history, he is really being uncooperative. Even if Chief Grover were exploring the hiring of a 4th attorney (as he has been through 3 in this case already), that **should not** prevent his current personal lawyer from at least scheduling and confirming a deposition date in the future. I am concerned that Chief Grover's obstruction herein will substantially delay the balance of this case if there is an absence of Your Honor intervening.

Thank you.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

*Ari R. Karpf*

Ari R. Karpf

cc: Michael V. Madden, Esq. (via ECF)
James R. Birchmeier, Esq. (via ECF)
John Grady, Esq. (via ECF)
Dan Long, Esq. (via ECF)